UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
JUANTEZE GRAMMAR,                        :      14 Civ. 6774 (JCF)
                                         :
                  Plaintiff,             :      MEMORANDUM
                                         :      AND ORDER
     - against -                         :
                                         :      ┌─────────────────────────┐
SHARINN & LIPSHIE, P.C.,                 :      │ USDS SDNY               │
                                         :      │ DOCUMENT                │
                  Defendant.             :      │ ELECTRONICALLY FILED    │
- - - - - - - - - - - - - - - - - - - -:       │ DOC #: _____  │
JAMES C. FRANCIS IV                             │ DATE FILED: 2/8/16      │
UNITED STATES MAGISTRATE JUDGE                  └─────────────────────────┘

     Plaintiff Juanteze Grammar brings this action alleging
violations of the Fair Debt Collection Practices Act ("FDCPA"), 15
U.S.C. § 1692 et seq., against defendant Sharinn & Lipshie, P.C.
("Sharinn & Lipshie"), a debt collector.  The plaintiff now moves
for the entry of a default judgment against the defendant as a
sanction for its failure to cooperate in the discovery process.
For the reasons that follow, the plaintiff's motion is granted.

Background

     On November 26, 2013, Sharinn & Lipshie sent Ms. Grammar a
letter announcing its intention to attempt to collect from her a
debt of $1,596.67 purportedly owed to "GE CAPITAL RETAIL BANK/Care
Credit Dental" for "personal dental services."  (Complaint, ¶¶ 9,
11, 14; Letter of Sharrin & Lipshie P.C. dated November 26, 2013
("Debt Notice"),[1] attached as Exh. A to Complaint).  The letter did
not indicate that the debt would accrue interest, stated that "no

---

[1] Although the plaintiff attached a copy of this letter to the
paper version of her complaint, which she filed with the court, it
was not included when the plaintiff filed her complaint on the
court's Case Management/Electronic Case Filing (CM/ECF) system.

attorney with [the defendant's] firm has personally reviewed the specific circumstances of [the plaintiff's] account," and asked the plaintiff to "please forward payment to our office or contact your representative to discuss the resolution your [sic] account." (Complaint, ¶¶ 15, 24; Debt Notice). Ms. Grammar chose the latter option.  (Complaint, ¶ 16).

Ms. Grammar spoke to the defendant's representative, Archie Arrington, a non-attorney, on December 8, 2013. (Complaint, ¶¶ 16-17).  In response to Ms. Grammar's inquiries regarding payment arrangements, Mr. Arrington told her that "the only way to avoid [] adding interest to the Debt and getting a judgment was for [her] to make two payments of $159.66." (Complaint, ¶ 19).  According to the Complaint, when Mr. Arrington made this statement he "did not have any knowledge whether litigation would be initiated against Plaintiff." (Complaint, ¶ 31).  "Due to Defendant's threats," Ms. Grammar provided her checking account information so that the defendant could first withdraw two payments of $159.66 and monthly payments of $50 thereafter.  (Complaint, ¶ 20).  When Ms. Grammar later requested that her first payment be moved from December 31, 2013, to January 17, 2014, Mr. Arrington told her that the request would result in a $140 fee being added to the debt.  (Complaint, ¶¶ 28-29).

The plaintiff filed suit on August 20, 2014, alleging six violations of the FDCPA: Count I alleges violation of 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of the character, amount, or legal status of any debt;" Count II alleges

violation of 15 U.S.C. § 1692e(5), which prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken;" Count III alleges violation of 15 U.S.C. § 1692e(10), which prohibits the "use of any false representation or deceptive means" to collect, or attempt to collect, a debt or information concerning a consumer; Count IV alleges violation of 15 U.S.C. § 1692f(1), which prohibits the "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law;" Count V alleges (in the alternative) violation of 15 U.S.C. § 1692g(a)(1), which requires a debt collector to provide written notice of the amount of the debt either in its initial communication with the consumer or five days thereafter; and Count VI alleges violation of 15 U.S.C. 1692g(b), which provides in part that "[a]ny collection activities and communications" by the debt collector within thirty days after the initial communication must not "overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." (Complaint, ¶¶ 32-43).

After being served with a summons on October 21, 2014 (Docket no. 6), the defendant filed its answer to the Complaint on November 20, 2014 (Docket no. 8), and a pre-trial conference was held telephonically before the Honorable Gregory H. Woods, U.S.D.J., on December 23, 2014 (Minute Entry dated Dec. 23, 2014). The parties subsequently consented to conduct all future proceedings before a United States Magistrate Judge (Notice, Consent, and Reference of

a Civil Action to a Magistrate Judge dated Dec. 23, 2014), and I held a telephone conference with counsel for both sides on February 11, 2015 (Minute Entry dated February 11, 2015).  Following that teleconference, I set June 30, 2015, as the deadline for completion of all discovery.  (Order dated Feb. 11, 2015 ("2/11/15 Order")). The defendant has since failed to participate in this litigation in any way.

The plaintiff, having first attempted to obtain the defendant's voluntary compliance with her discovery requests, moved on June 25, 2015, for an order compelling the defendant to respond to her interrogatories, requests for production of documents, and requests for admissions.  (Plaintiff's Memorandum Re Motion for Sanction of Default Judgment ("Pl. Memo.") at 2).  Despite having been ordered to do so (Order dated June 26, 2015 ("6/26/15 Order")), the defendant never responded to the plaintiff's motion, and on August 19, 2015, I entered an order (1) compelling the defendant to produce "complete responses to Plaintiff's interrogatories and requests for production of documents" by September 2, 2015, (2) deeming "admitted and conclusively established" all matters raised in the plaintiff's requests for admissions, and (3) requiring the defendant to pay the plaintiff $1,435 in attorneys' fees (Order dated Aug. 19, 2015 ("8/19/15 Order")).  The defendant failed both to provide any of the required discovery materials and to pay its $1,435 debt.  (Pl. Memo at 2; Declaration of Justin Auslaender dated October 5, 2015 ("Auslaender 10/5/15 Decl."), ¶¶ 8-13).  The plaintiff filed the instant motion

4

seeking a default judgment on October 5, 2015.  The defendant never responded.

Discussion

A.  Legal Standard

Where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  Such orders may include: (1) directing that matters in the litigation be taken as established by the prevailing party; (2) prohibiting the sanctioned party from supporting or opposing claims or defenses or from introducing evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) entering judgment against the disobedient party; and (6) requiring the disobedient party or her attorney to pay the reasonable expenses caused by the failure.  Fed. R. Civ. P. 37(b)(2)(A); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (noting that party's failure to comply with court-ordered discovery may result in terminating sanctions); Daval Steel Products, a Division of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) ("When a party seeks to frustrate [discovery] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate.").

Discovery sanctions serve a three-fold purpose: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the Court's orders; and (3) to deter

noncompliance, both in the particular case and in litigation in general. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979); see also Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 178 (D. Conn. 2010). Harsh sanctions such as default judgments are reserved for extreme situations. See Agiwal, 555 F.3d at 302; see also Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (noting that "the severity of sanction must be commensurate with the non-compliance").

When determining the appropriate sanction to impose under Rule 37, courts in this Circuit weigh several factors, including "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions." Sentry Insurance A Mutual Co. v. Brand Management, Inc., 295 F.R.D. 1, 5 (E.D.N.Y. 2013). Another factor -- prejudice to the moving party -- is also relevant, although the Second Circuit has emphasized that the absence of prejudice should not be accorded significant weight. See Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 148-49 (2d Cir. 2010). In fact, none of these factors alone is dispositive. Id. at 144 (noting that "these factors are not exclusive, and they need not each be resolved against the [sanctioned] party").

B. Application

1. Willfulness

"Noncompliance with discovery orders is considered willful

6

when the court's orders have been clear, when the party [to be sanctioned] has understood them, and when the party's noncompliance is not due to factors beyond the party's control." Baba v. Japan Travel Bureau International, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir. 1997). Moreover, a persistent refusal to comply with court orders "presents sufficient evidence of willfulness, bad faith or fault." Handwerker v. AT&T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002).

When the plaintiff first moved to compel discovery, I ordered the defendant in very clear terms to answer the plaintiff's motion. (6/26/15 Order ("Defendant shall answer plaintiff's motion by July 10, 2015.")). The defendant never complied. My August 19, 2015, order was equally clear, stating that the defendant "shall provide [p]laintiff with complete responses to Plaintiff's interrogatories and requests for production of documents, without objection, within 14 days from the date of this order" and "shall pay [p]laintiff a reasonable attorneys' fee in the amount of $1,435.00 within 14 days." (8/19/15 Order). Again, the defendant failed to comply. Indeed, the defendant has never even bothered to offer an explanation for its delinquency. Cf. MCI Worldcom Communications, Inc. v. Gamma Communications Group, Inc., 204 F.R.D. 259, 262 (S.D.N.Y. 2001) ("Courts do not look favorably upon parties that fail to respond to court orders or remain silent in the face of repeated discovery requests."). Given the clarity and simplicity of the Court's orders and the absence of any indication that the defendant's noncompliance is the result of factors beyond its

7

control, it is fair to conclude that its misconduct is willful.

## 2. Efficacy of Lesser Sanctions

A court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future. See Hawley v. Mphasis Corp., 302 F.R.D. 37, 46 (S.D.N.Y. 2014). Severe sanctions such as dismissal and default judgment are to be applied sparingly, where no other sanction will suffice. See Agiwal, 555 F.3d at 302.

The plaintiff argues that the harsh sanction of default judgment is necessary in light of (1) the defendant's deliberate and persistent refusal to comply with court orders, (2) the fact that the defendant's conduct has prevented the plaintiff from prosecuting her case, and (3) the plaintiff's inability to secure the defendant's cooperation without court intervention. (Pl. Memo. at 8). As to the third point, plaintiff's counsel represents that the defendant has invariably ignored or evaded his attempts to resolve discovery disputes without the court's assistance. (Auslaender 10/5/15 Decl., ¶¶ 9-13; Declaration of Justin Auslaender dated June 25, 2015 ("Auslaender 6/25/15 Decl."), ¶¶ 7-18). In what is a telling indication of how cavalierly the defendant has taken this litigation, when plaintiff's counsel contacted defendant's counsel after the latter failed to respond to the Court's August 19 order, "[defendant's counsel] responded that she was on vacation and will look into the matter upon returning the following week" and then never followed up. (Auslaender 10/5/15 Decl., ¶¶ 9-11).

I can find no indication that anything short of terminating sanctions will rectify this situation. First, lesser sanctions have proved ineffective. The defendant was already ordered to pay the attorneys' fees and costs incurred by the plaintiff in preparing her motion to compel. Nonetheless, the litigation remains at a standstill, with the defendant having neither produced any discovery material nor complied with the order to pay attorneys' fees. Second, if the defendant had any interest in defending this action, one would expect it to at least respond to a motion seeking terminating sanctions, yet the Court has not heard from the defendant since the February 11, 2015, teleconference. Cf. Alvarado v. Manhattan Worker Career Center, No. 01 Civ. 9288, 2002 WL 31760208, at *8 (S.D.N.Y. Dec. 10, 2002) ("A hollow warning of the imposition of sanctions cannot serve as an efficacious deterrent to dilatory tactics, deception, or pettifoggery, in a particular case or within the system of federal courts generally.").

It therefore appears that terminating sanctions are the least harsh sanction that will remedy the discovery violation and deter such conduct in the future. Cf. Southern New England Telephone Co. v. Global NAPs, Inc., 251 F.R.D. 82, 95 (D. Conn. 2008) (awarding default where "orders compelling disclosure and imposing monetary sanctions have not worked" and "any adverse inference sufficient to sanction defendant[] . . . would effectively amount to a directed verdict or the equivalent of a default judgment"), aff'd, 624 F.3d 123 (2d Cir. 2010).

### 3.   Duration of Non-Compliance

Following the February 11 teleconference, I entered an order requiring all discovery in this matter to be completed by June 30, 2015.  (2/11/15 Order).  However, when the plaintiff filed her motion to compel on June 25 after attempting for months to persuade the defendant to cooperate, the defendant had not produced any discovery.  (Auslaender 6/25/15 Decl., ¶¶ 5-18).  The discovery deadline having passed, the defendant then ignored an order requiring it to respond to the plaintiff's motion.  My August 19 order compelling discovery and sanctioning the defendant yielded only further contumacy.

In sum, the defendant's conduct amounts to a months-long campaign of noncompliance that also weighs in favor of severe sanctions.  See Embuscado v. DC Comics, 347 F. App'x 700, 700-01 (2d Cir. 2009) (affirming terminating sanctions in case involving three months of noncompliance); Gurvey v. Cowan, Liebowitz & Lathman, P.C., No. 06 Civ. 1202, 2014 WL 715612, at *6 (S.D.N.Y. Feb. 25, 2014) (finding noncompliance that "has lasted months and is still ongoing" to weigh in favor of sanctions).

### 4.   Notice of Possible Sanctions

Courts are generally hesitant to impose terminating sanctions before warning the offending litigant.  See Johnson v. Strive East Harlem Employment Group, 990 F. Supp. 2d 435, 455 (S.D.N.Y. 2014).  However, parties have no "absolute entitlement to be 'warned' that they disobey court orders at their peril."  Daval Steel, 951 F.2d at 1366.  Precedent and Rule 37 of the Federal Rules of Civil

Procedure require that the imposition of sanctions be "just," id., "in light of the full record in the case," Cine Forty-Second Street Theatre Corp., 602 F.2d at 1068.  Determining appropriate sanctions for discovery abuses is entrusted to the Court's discretion. Johnson, 990 F. Supp. 2d at 454; see also Matteo v. Kohl's Department Stores, Inc., 533 F. App'x 1, 3 (2d Cir. 2013) ("A district court has wide latitude to impose discovery sanctions . . . .").

Because the defendant has not been explicitly warned that its noncompliance with court orders will result in the entry of a default judgment, this factor weighs against imposing terminating sanctions.  However, all of the circumstances convince me that terminating sanctions are nevertheless appropriate.  First, even if the defendant had bothered to answer the instant motion, it could not argue that it lacked notice that it faced the possibility of terminating sanctions, as such notice was provided on the face of the plaintiff's motion.  See Metropolitan Opera Association, Inc. v. Local 100, Hotel Employees and Restaurant Employees International Union, No. 00 Civ. 3613, 2004 WL 1943099, at *10 (S.D.N.Y. Aug. 27, 2004) ("[W]hen any notice requirement does exist, it is satisfied when a notice of a motion has been served seeking the particular sanctions which ultimately are awarded."); see also International Business Machines Corp. v. Tokyo Electron America, Inc., No. 2:04 CV 260, 2005 WL 6133903, at *8 (D. Vt. Oct. 5, 2005) (noting that possibility of "sanction of dismissal can hardly have come as a surprise" where opposing counsel's "filings

and communications . . . had given [the offending party] ample notice that it was not in compliance with its discovery obligations"). Second, the defendant is a law firm representing itself, which boasts forty years of experience and "a renowned reputation of excellence." See Sharinn & Lipshie, P.C., http://www.collectthedebt.com (last visited Feb. 5, 2016). Under these circumstances, it was not necessary to warn that disregarding court orders for months without comment or justification can result in terminating sanctions. Cf. In re Payne, 707 F.3d 195, 206 (2d Cir. 2013) ("[I]t is an elementary fact and expectation of legal practice that an attorney who fails to abide by a court rule or order may be subject to sanctions or other adverse consequences."); Gurvey, 2014 WL 715612, at *6 ("Although [the offending party] was not expressly warned of the consequences of disobeying my Orders, she is an attorney and is chargeable with knowing the consequences of violating a court order." (footnote omitted)).

> 5. Prejudice

Although courts often consider whether a party suffered "prejudice" as a result of discovery abuses in determining what sanctions are appropriate, e.g. Design Strategy, Inc. v. Davis, 469 F.3d 284, 296-97 (2d Cir. 2006), "[the Second Circuit], along with the Supreme Court, [has] consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions," Southern New England Telephone Co., 624 F.3d at 148. In any event, as the plaintiff points out, "[the defendant's] failure to participate in discovery and produce relevant information has prejudiced

Plaintiff's ability to prosecute her case." (Pl. Memo. at 8). While the defendant could theoretically cure the prejudice occasioned by its noncompliance, given the defendant's conduct so far, putting this case back on track will likely involve further waste of the plaintiff's and the Court's resources. Cf. Penthouse International, Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 388 (2d Cir. 1981) ("[I]f parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." (quoting Cine Forty-Second Street Theatre Corp., 602 F.2d at 1068)).

"While the [C]ourt has many possible sanctions at its disposal, the fact that [the] defendant[] [has] failed to respond in any way to this court's orders or discovery requests indicates that the ultimate sanction -- striking of the Answer and entry of a default judgment -- is an appropriate sanction." MCI Worldcom Communications, Inc., 204 F.R.D. at 262.

Conclusion

In light of the full record in this case, and for the reasons stated above, the plaintiff's motion for sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure (Docket no. 24) is granted. It is hereby ordered that the defendant's answer be stricken and that a default judgment be entered in this matter against the defendant. Within fourteen days, the plaintiff shall

13

file and serve a memorandum of law, proposed findings of fact, and any other documentation necessary to establish the amount of damages, including attorneys' fees and costs, to which she is entitled.   The defendant shall submit any objections to the plaintiff's damages request seven days thereafter.  Upon receipt of these submissions, an inquest will be scheduled.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 8, 2016

Copies transmitted this date:

Justin Auslaender, Esq.
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D 106-618
Mesa, AZ 85206

Amanda J. Moreno, Esq.
Sharinn & Lipshie, P.C.
333 Earle Ovington Blvd.
Suite 302
Uniondale, NY 11553

14